UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SPORTBRAIN HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Sportbrain Holdings Inc. ("Plaintiff" or "Sportbrain"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Fitbit, Inc. ("Defendant" or "Fitbit") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,454,002 entitled *"Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device"* (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent, is attached hereto as Exhibit A. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Sportbrain is a corporation organized and existing under the laws of the state of Texas since November 19, 2010. Plaintiff maintains its principal place of business at 6700

Woodlands Parkway No. 230-181, The Woodlands, Montgomery County, Texas 77382-2575. Plaintiff is the exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Fitbit is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 150 Spear St., San Francisco, San Francisco County, California, 94105. Defendant may be served through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808. Upon information and belief, Defendant is registered as a foreign corporation with the State of California Secretary of State and may also be served through its registered agent, Eric Friedman, 625 Market Street, Suite 1400, San Francisco, California, 94105.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Texas and in the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the

State of Texas; Defendant regularly conducts business within the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas and in the Eastern District of Texas. Defendant's business activity consists of "creat[ing] innovative, inspiring products and online services that harness the power of new technologies to make people more aware of their everyday activities and motivate them to do more."[1]

7. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has many paying customers who are residents of the State of Texas and in the Eastern District of Texas and who use Defendant's products and services in the State of Texas and in the Eastern District of Texas.

8. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

9. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,454,002

10. Plaintiff re-alleges and incorporates by reference each of Paragraph 1 - 9 above.

11. The '002 Patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2008 after full and fair examination. Plaintiff is the

---

[1] Source: http://www.fitbit.com/company (visited November 6, 2012)

exclusive licensee of the '002 Patent, and possesses all right, title and interest in the '002 Patent including the right to enforce the '002 Patent, and the right to sue Defendant for infringement and recover past damages.

12. On information and belief, Defendant has had knowledge of the '002 Patent as early as November 8, 2012 when it received service of the Original Complaint in this matter.

13. On information and belief, Defendant owns, operates, advertises, and controls its website, www.fitbit.com, through which Defendant advertises, sells, offers to sell, provides services and/or educates customers about its Products and Services, including the Fitbit One™ and Ultra[2] activity trackers.

14. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Specifically, one or more of Defendant's Products and Services, including but not limited to the Fitbit One™ and Ultra activity trackers, infringe one or more of the claims of the '002 Patent when used by the Defendant. Defendant's infringing Products and Services are available for sale on its website and through various retailers located in this district.

---

[2] Upon information and belief, the Ultra activity tracker has been replaced by the Fitbit One™ activity tracker.

15. Plaintiff is informed and believes that Defendant in conjunction with its customers have infringed and continue to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Defendant and its customers have collectively infringed and continue to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Specifically, one or more of Defendant's Products and Services, including but not limited to the Fitbit One™ and Ultra activity trackers, infringe one or more of the claims of the '002 Patent when used by Defendant's customers with input, support, tools and other assistance from Defendant.

16. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '002 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's Products and Services for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Despite its knowledge of the existence of '002 Patent since as early as November 8, 2012, Defendant, upon information and belief, continues to encourage, instruct, enable and

otherwise cause its customers to use its Products and Services in a manner which infringes the '002 Patent. Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '002 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '002 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers. Specifically, Defendant has encouraged, instructed, enabled and otherwise caused its customers to use one or more of Defendant's Products and Services, including but not limited to the Fitbit One™ and Ultra activity trackers, to infringe one or more of the claims of the '002 Patent when used by Defendant's customers with the assistance and support of Defendant.

17.   Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '002 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its Products and Services, such as but not limited to the Fitbit One™ and Ultra activity trackers, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its Products and Services and that its customers have utilized said Products and Services in a manner that infringes one or more claims of the '002 patent. Defendant has had knowledge of the '002 patent as early as November 8, 2012. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use Defendant's Products and Services in such a way that infringes the '002 patent by, at minimum, providing its

activity trackers and associated services along with instructions to its customers on how to use the Defendant's Products and Services in such a way that infringes the '002 patent, and knew and/or knows that its Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '002 patent with the assistance and support of Defendant, and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Since it was made aware of the '002 Patent as early as November 8, 2012, Defendant has continued to provide its Products and Services to its customers.

20. Despite its knowledge of the '002 Patent at least since November 8, 2012, upon information and belief, Defendant's aforesaid activities have continued without a reasonable basis for continuing its infringing actions.

21. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's infringement of Plaintiff's rights under the '002 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23. Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or the Defendant in conjunction with its customers;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

C. An adjudication that Defendant has contributed to the infringement of one or more claims of the Patent-in-Suit;

D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 35 U.S.C. § 284;

E. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patent-in-Suit;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

H. Any further relief that this Court deems just and proper.

Respectfully submitted this 15th day of March 2013.


*Attorneys for Plaintiff*
*Sportbrain Holdings Inc.*

                                                        <u>s/ Melissa R. Smith</u>
                                                       Melissa R. Smith
                                                       Texas Bar No. 24001351
                                                       **GILLAM & SMITH, LLP**
                                                       303 South Washington Avenue
                                                       Marshall, Texas 75670
                                                       Telephone : (903) 934-8450
                                                       Facsimile : (903) 934-9257
                                                       melissa@gillamsmithlaw.com

                                                       Steven W. Ritcheson, *Pro Hac Vice anticipated*
                                                       Joseph C. Gabaeff, *Pro Hac Vice anticipated*
                                                       **HENINGER GARRISON DAVIS, LLC**
                                                       9800 D Topanga Canyon Boulevard, #347
                                                       Chatsworth, CA 91311
                                                       Telephone:  (818) 882-1030
                                                       Facsimile:  (205) 326-3332
                                                       Email: swritcheson@hgdlawfirm.com
                                                       Email: jgabaeff@hgdlawfirm.com